June 20th, 1905.

———o———

## No. 3737.

(Court of Appeal, Parish of Orleans.)

HENRY BLOCK COMPANY, LTD., vs. MENARD BROS.

Appeal from Civil District Court, Division "C."

Gus. Lemle, for Plaintiff and Appellant.

Bernard Titche, for Defendant and Appellee.

1. A trader has the right to adopt as a trade-name a geographical term, and to use the name as a brand for a certain class of goods though he be not the manufacturer of the article.

2. "Where a geographical term has come to mean in a secondary sense the goods or business of a particular trader, a subsequent trader must accompany his use of the same term with such distinguishing characteristics as will prevent his goods from being mistaken for those of his rival."

3. The rule is that the prayer of the petition must be read in the light of the allegations of the petition, and though plaintiff may not be able to get relief to the extent prayed for, he can, under the prayer for general relief, get such relief as the nature of the case demand.

ESTOPINAL, J. Plaintiff appeals from a judgment dismissing his suit on an exception of "No cause of action."

"It is a recognized rule of practice that this exception is held to admit, for the purpose of the trial thereof, the truth of the averment of the petition, and this admission of the truth of the

436

matters of fact alleged, tenders the issue on the face of the petition, that no case is presented entitling the plaintiff, in law, to recover."

Plaintiff's petition recites substantially:

1st. That it was the first user of the brand "Vino Uso Sicilia," adopted for a claret sold by it, and that it has built up a large and lucrative trade under the said brand;

2nd. That by long and exclusive use of said brand it has acquired a secondary meaning as designating the wine of petitioner and of no one else;

3rd. That the defendants have fraudently used a similar name as a brand for wine with intent to injure plaintiff's business by illegally deriving benefit from the reputation and trade that plaintiff has established;

4th. That plaintiff seeks to enjoin such use of the term "Sicilia," or "Vino Sicilia," or "Primo Vino Sicilia," as a brand for wine, under the doctrine of unfair competition.

Under the authorities found in the carefully prepared brief of plaintiff's counsel, there seems to be no question of the right of the seller to adopt as a trade name a geographical term, and to use this name even though he be not the manufacturer of the article.

The claret wine sold by plaintiff to which he gave the trade name of "Vino Uso Sicilia," is made in California, and this name was designedly adopted to cater to a certain class of consumers since as far back as 1899, and plaintiff, following the custom of wholesale liquor dealers, had said name registered with Mida's Trade Mark Bureau in Chicago, and thereby gave notice to the world at large that this was their trade brand.

The good faith of plaintiff is thereby clearly shown, and since we are of the opinion that the plaintiff had the legal right to use the trade name "Vino Uso Sicilia," that the bad faith of defend-

ants in adopting the trade brand "Primo Vino Sicilia," is as patent.

But these questions can be settled only after the case has been heard upon the merits.

Plaintiff having averred unfair competition by the use made by defendant of a trade name similar to one originated by it, the only question for this Court to determine is whether the plaintiff had the legal right to the exclusive use of the name.

The jurisprudence both of this country and England, seems to remove the question from the field of conjecture or doubt.

In Shaver vs. Heller, 108 Fed. Rep., p. 821, the court said:

"But the use of such geographical or descriptive terms to palm off the goods of one manufacturer or vendor as those of another, and to carry on unfair competition may be lawfully enjoined by a court of equity, to the same extent as the use of any other terms or symbols."

In the case at bar plaintiff adopted the name or brand "Vino Uso Sicilia, "to a California claret. Subsequently defendants adopted a name very similar, to-wit: "Primo Vino Sicilia," to a California claret also. The name adopted for the claret was, therefore, not the literal truth, as neither wine or claret was a Sicilian product. However, had the wine been of Sicilian make this controversy would perhaps not have arisen.

But the foreign words "Vino Uso Sicilia," applied to a California product, in our opinion, *is an arbitrary phrase*, and are not the only words which could be employed to describe the article to which they were applied.

We find in American and English Encyclopaedia of Law, Volume 28, page 368, quoted in plaintiff's brief, the following:

"A peculiar collection of words which, although descriptive in their meaning, are arbitrary in their selection and arrangement, *and are not the only words which could be employed to describe the article to which they are applied,* may be protected as a trademark. It is not always clear nor often very material in this class

of cases, whether protection is afforded upon the ground of technical trade-mark or upon the ground of unfair competition. It is so easy to avoid any similarity, *that its mere existence is almost conclusive proof of a fraudulent intent,* and hence, of *unfair competition.* At all events a deceptive imitation will be enjoined."

Defendants say, "not only have the plaintiffs no right to the exclusive use of the words "Vino Uso Sicilia," but that if it did, the name or brand "Primo Vino Sicilia" which it has adopted, is not the same as that used by plaintiff." This has no force.

The combination or collection of words is the same, with the exception of one word, plaintiff using the word "Uso," defendants the word "Primo."

The similarity, in our opinion, is sufficient to deceive the public and to divert plaintiff's trade to defendants.

In discussing this question we must take notice of our own experiences in making purchases and the ordinary way in which we call for things we are desirous to buy. There is a tendency, and if anything, it is growing with us, to abreviate, and we do not doubt that the claret for which a peculiar name "Vino Uso Sicilia" adopted years ago has by now, as averred by plaintiff, become to be known as "Vino Sicilia" or Sicilia," and it must follow that the word "Primo," of defendant's brand, will be little heard, and "Vino Sicilia" and Sicilia," will become the short name for their wine.

On this subject the American and English Encyclopaedia of Law, at page 431, Vol. 28, says:

"If a geographical term has become the short name by which the public generally call for a particular trader's goods, a rival trader engaged in the same line of business cannot use such term in such a way that the short name of his goods will be the same as that of his rival's goods.

"Where a geographical term has come to mean in a secondary sense the goods or business of a particular trader, a subsequent trader must accompany his use of the same term with such dis-

tinguishing characteristics as will prevent his goods from being mistaken for those of his rival.

"If the term be used in such a manner that no actual probable confusion or deception results, no one can complain. Even though the term may be used, the use by plaintiff in such a manner as to cause unnecessary confusion constitutes unfair competition, and will be enjoined."

The Court in Shaver vs. Heller, 108 Fed. Rep., p. 821, said:

"But the use of such geographical terms to palm off the goods on one manufacturer or vendor, as those of another, and to carry on an unfair competition, may be lawfully enjoined by a court of equity, to the same extent as the use of any other terms or symbols."

A manfacturer had applied to certain articles which he made, the names "American Ball Blue" and "American Wash Blue," until they became well known to the trade and the public at large by these names and commanded a large and lucrative trade. A firm of merchants applied these names to goods of other manufacturers and offered them for sale under these names for the purpose of diverting complainant's trade to themselves. "Held, the use of these names and of the word 'American' therein by the defendants were properly enjoined."

A careful reading of plaintiff's carefully prepared petition satisfies us that it is drawn up in such a shape as to show at least a cause of action under the admittedly uniform jurisprudence on this subject.

Defendant's attack on the form of substance of the petition and its prayer, has no merit, the rule being that the prayer of the petition must be read in the light of the allegations of the petition and though plaintiff may not be able to get relief to the extent prayed for, he can, under the prayer for general relief, get such relief as the nature of the case demands.

On the face of the papers and in view of the numerous authori-

tics examined by us which appear to uphold plaintiff's position, we are of opinion that a cause of action is disclosed.

As to the merits of the case we are not concerned.

There was error in dismissing plaintiff's suit, and it is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is hereby avoided and reversed, and it is now ordered that the case be remanded to the District Court for further proceedings in accordance with the views herein expressed.

June 20th, 1905.

Rehearing refused, June 29th, 1905.